UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Jones,

Petitioner,

vs.

R.L. Stiff, Warden,

Respondent.

Civil No.: 00-494 JMR/FLN

**REPORT AND RECOMMENDATION**

Robert Jones, pro se.
Michael W. Ward, for Respondent.

**THIS MATTER** came before the undersigned United States Magistrate Judge on Robert Jones' Petition for Writ of Habeas Corpus [#1] filed pursuant to 28 U.S.C. § 2241. Petitioner contends that the Bureau of Prisons ("BOP") has incorrectly assigned a Public Safety Factor ("PSF") sex offender classification to him which renders him ineligible for participation in the Residential Drug Abuse Treatment Program ("RDAP"). Completion of the RDAP carries with it the possibility of a one-year sentence reduction. See 18 U.S.C. § 3612(e).

## I. BACKGROUND

Petitioner was sentenced on June 11, 1998, to an 89-month prison term for Conspiracy to Possess with Intent to Distribute Cocaine and Marijuana in Violation of 21 U.S.C. § 841(a). See Respondent's Exhibit A, Public Information Inmate Data. Petitioner is currently incacerated at the Federal Correctional Institution ("FCI") at Waseca, Minnesota. (Id.). His projected release



FILED JUN 0 8 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

date via Good Conduct Release is January 28, 2004. (Id.).

During the preparation of Petitioner's security designation, on July 1, 1998, the BOP assigned Jones a PSF sex offender classification. See Security Designation Data, Attachment A to Declaration of Mike Junk, at ¶ 2. This classification was assigned based on Petitioner's Presentence Report ("PSR"). See PSR at 7-8, Attachment D to Junk Decl., at ¶¶ 2, 3. The PSR stated that Petitioner was charged with Criminal Sexual Assault in 1988. See Attachment A to Junk Decl. This charge was part of a five-count indictment which included other charges of theft, aggravated assault, unlawful possession of a firearm without a firearm owners identification card and unlawful use of a weapon. See PSR at 7. The factual basis for the indictment consisted of statements made to police alleging that on October 15, 1988, Petitioner pulled a woman into his dormitory room and forced her to have sex with him. (Id. at 8). After several male students knocked on Jones' door, Jones came to the door brandishing a handgun. (Id.).

After the woman that Petitioner allegedly assaulted refused to testify against him, the five-count indictment was dismissed and Petitioner was recharged with aggravated assault, unlawful use of a weapon, and unlawful restraint. (Id.). Petitioner then entered into a plea agreement and pled guilty to unlawful use of a weapon and unlawful restraint. (Id.).

An inmate classified as a PSF sex offender must be housed in at least a "low security" level institution and typically is not referred for placement in a Community Corrections Center ("CCC"). See Junk Decl. at ¶ 7. Successful completion of the RDAP requires that an inmate complete a portion of time in a CCC. See 28 C.F.R. § 550.58. Because inmates with SPFs cannot complete the CCC portion of their treatment, the BOP has determined that they are not

eligible for sentence reductions under 18 U.S.C. § 3621(e)(2)(B).

## II. ANALYSIS

The BOP Program Statement *Custody and Classification Manual*, § 5100.07, states that inmates are assigned a PSF as a sex offender where their behavior in the current term of confinement or their prior criminal history clearly indicates certain elements related to illegal sexual activity.[1] See BOP Program Statement 5100.07, *Security Designation and Custody Classification Manual*, Attach. B to Junk Decl. at ¶ 3; PS 5100.07, Chapter, 7, at 2, Description - PSF, Attach. C to Junk Decl. at ¶ 4. A conviction is not required for application of a PSF, and the PSF may be applied when an inmate pled guilty to a lesser charge. See BOP Program Statement 5100.07. So long as official documentation indicates that the behavior occurred, BOP staff may assign a PSF sex offender classification to an inmate. (Id.). The Program Statement further advises that a sex offender PSF should not be assigned if the underlying case was dismissed or nolle prosequi, but should be assigned if the inmate pled to a lesser offense. (Id.).

Petitioner alleges that his classification as a sex offender should be removed because he pled guilty to "Unlawful Restraint" and "Unlawful Use of a Firearm" and the prior charge of Criminal Sexual Assault that the PSF was based upon was dismissed. See Petition at Attachment

---

[1]A PSF Sex Offender classification is assigned if an inmate engages in any of the following activities: (1) engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault or sexual battery); (2) Possession, distribution or mailing of child pornography or related paraphernalia; (3) Any sexual contact with a minor or other person physically or mentally incapable of granting consent (indecent liberties with a minor, statutory rape, sexual abuse of the mentally ill, rape by administering a drug or substance); (4) Any sexual act or contact not identified above that is aggressive or abusive in nature (rape by instrument, encouraging use of a minor for prostitution purposes, incest). See PS 5100.07 at Chapter 7, p. 2.

1. There is insufficient evidence in the record to conclude that Petitioner's prior criminal history clearly indicates certain elements related to illegal sexual activity. The charge of aggravated assault, which may have stemmed from Petitioner's alleged sexual assault, could also have stemmed from his action in waving a handgun at the men who knocked on his door. The other two charges, unlawful use of a weapon and unlawful restraint, do not require sexual assault as an element. Furthermore, the record is unclear that a sexual assault was part of the underlying factual basis of these crimes.

Accordingly, classification as a PSF sex offender is inappropriate. Petitioner was not convicted of a sex-related crime, and the official documentation does not clearly indicate that any of the elements related to illegal sexual activity which merit classification as a PSF Sex Offender occurred.

## III. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Robert Jones' Petition for Writ of Habeas Corpus [#1] be **GRANTED**;
2. Petitioner's classification as a PSF Sex Offender be removed from his record and his eligibility for participation in the Residential Drug Abuse Treatment Program be reconsidered in light thereof.

Dated: June 7, 2000

Franklin L. Noel
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties within ten days of this Report and Recommendation written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.